# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAUL FAULKNER | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| V. | ) | C.A. No. N16A-11-003-CEB |
| | ) | |
| PERFORMANCE STAFFING & | ) | |
| THE UNEMPLOYMENT | ) | |
| INSURANCE APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: April 7, 2017
Decided: July 17, 2017

## ORDER

Petitioner Paul Faulkner has appealed an adverse decision of the Unemployment Insurance Appeals Board.

The issue to be decided before the Unemployment Insurance Appeals Board was whether the Petitioner's employment was terminated through no fault of his own. The facts as developed at the hearing were that Mr. Faulkner was working for Performance Staffing, a company that arranged jobs – presumably temporary – for him to go to. Faulkner wanted construction or landscaping work. He was assigned a job at Edgecraft on the 11 p.m. to 7 a.m. shift. This assignment did not agree with Faulkner's sleep schedule and he walked off the job on his first day.

1

About a week later, Performance called him to offer essentially the same job but on the day shift. Faulker demurred, telling Performance he had secured a job at Johnstone Supply Co. as a delivery driver that was supposed to be "permanent part time."

Unfortunately for Faulkner, the "permanent part time" job at Johnstone Supply lasted only a few days before he was replaced because he "took too long in making a delivery."

After eschewing the offer of a job at Edgecraft and losing the job at Johnstone, Faulkner filed for unemployment insurance benefits from Performance. After the Department of Labor disqualified him from the receipt of unemployment benefits, the Unemployment Insurance Appeals Referee ruled against him and then the Unemployment Insurance Appeals Board heard his arguments and ruled against him. He filed this appeal with Superior Court.

In his "brief" before this Court, he offers nothing new. He agrees that he voluntarily left his employment with Performance Staffing. He writes that "I have tax records to prove that on the day Christian Floyd (with Performance Staffing) offered me an alternate work assignment I was employed and working for Johnstone Supply." Taking Mr. Faulkner at his word, he voluntarily left his employment with Performance Staffing (by way of taking a different job) and was

therefore properly ruled ineligible for receipt of unemployment insurance benefits from Performance Staffing.

Mr. Faulkner's appeal is therefore dismissed as it is clear on the face of the pleadings that he is not entitled to relief.

**IT IS SO ORDERED.**

Judge Charles E. Butler

3